IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL LAMBERTON and
JOHN WISSING,

              Plaintiffs,

    v.

HANS KOCH, et al.,

              Defendants.

No. 3:13-cv-00190-HZ

OPINION & ORDER

Jacob Wieselman
1001 SW Fifth Ave., Suite 1414
Portland, OR 97204

      Attorney for Plaintiffs

Michael S. DeLeo
1850 Skyline Tower
10900 NE Fourth Street
Bellevue, WA 98004

      Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiffs Michael Lamberton and John Wissing bring this action for breach of contract, negligent misrepresentation, and misappropriation of trade secrets against individual Defendants Hans Koch, Ralph Koch, and Wayne Millage, and corporate Defendants SPR Packaging Resources, LLC; SPR Pac Investments, LLC; Allpak Container, Inc.; Allpak Container, LLC; Allpak Acquisitions, Inc.; Allpak Holdings, Inc.; and K&M Management Services. Defendants move to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer the case to the Western District of Washington. None of the individual Defendants reside in Oregon. Although one corporate Defendant sells some products in Oregon, the sales alone are not sufficient to establish general jurisdiction. Additionally, none of the events giving rise to the claims occurred in Oregon; thus there is no specific jurisdiction. Therefore, I grant Defendants' motion to dismiss for lack of personal jurisdiction.

## BACKGROUND

This case involves a contract dispute over the manufacture and sale of containers. Plaintiffs filed suit against Defendants when a joint venture between the parties ended. Decl. Michael Lamberton Opp'n Mot. Dismiss ¶¶ 28–29 ("Lamberton Decl."). In May 2011, Plaintiffs approached Defendants in Washington, seeking financial support to manufacture cardboard containers for storing and transporting liquid. Lamberton Decl. ¶¶ 6, 9; First Millage Decl. ¶¶ 12–13. The parties agreed that Defendants would provide the initial capital for the joint venture, Allpak would manufacture the liquid containers, and Plaintiffs would market and sell the containers. Lamberton Decl. ¶ 11; First Millage Decl. ¶¶ 13, 15. According to Defendants, the joint venture ended when it became clear that Plaintiffs were unable to meet its projected sales of the containers. First Millage Decl. ¶¶ 17–18.

2 - OPINION & ORDER

Plaintiff Michael Lamberton is a resident of Oregon, and Plaintiff John Wissing a resident of Colorado. Lamberton Decl. ¶¶ 2–3. All of the individual Defendants, Hans Koch, Ralph Koch, and Wayne Millage, are residents of Washington. Compl. ¶¶ 6–8. In addition, the corporate Defendants Allpak Container, Inc.; Allpak Container, LLC; Allpak Acquisitions, Inc.; Allpak Holdings, Inc.; and K&M Management Services (collectively referred to as "Allpak") are incorporated in Washington. Decl. Wayne Millage Supp. Mot. Dismiss ("First Millage Decl.") Ex. 1. Allpak does not maintain offices within the state of Oregon, however Allpak Container, Inc. made sales in Oregon in 2012. First Millage Decl. ¶¶ 9–10. Defendants Specialty Packaging Resources, LLC and SPR Pac Investments, LLC were both incorporated in the state of Washington in July 2011. See Compl. ¶¶ 26–31; First Millage Decl. Ex. 1.

All meetings, negotiations, and agreements about the joint venture took place in Washington. First Millage Decl. ¶ 13. The proposed joint venture was conducted out of Plaintiff Lamberton's home in Oregon; and at Defendant Millage's request, its mailing address was a post office box in Oregon. Lamberton Decl. ¶¶ 4, 14, Ex. 7; Millage Decl. Supp. Mot. Dismiss Reply ("Second Millage Decl.") ¶ 4. With the exception of Allpak Container, Inc., neither Plaintiffs nor Defendants made any sales of containers within Oregon. First Millage Decl. ¶ 10.

## STANDARDS

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. Plaintiff has the burden of showing personal jurisdiction. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). When the district court decides a motion without an evidentiary hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts" based on the plaintiff's pleadings and affidavits. Id. "Uncontroverted allegations in the plaintiff's complaint must be taken as true"

3 - OPINION & ORDER

and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id.

As a general rule, personal jurisdiction is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758, 760 (9th Cir. 1990), the court proceeds directly to the federal due process analysis. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (when a state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process).

The forum state may exercise either general or specific jurisdiction over a nonresident defendant. Boschetto, 539 F.3d at 1016. If the contacts are insufficient for a court to invoke general jurisdiction, the court then applies the relevant test to determine whether specific jurisdiction exists. In re Tuli, 172 F.3d 707, 713 n.5 (9th Cir. 1999).

## DISCUSSION

I.   General Jurisdiction

General jurisdiction is found where the defendant's contacts with the forum are so substantial or continuous and systematic that the defendant can expect to be haled into court, even if the action is unrelated to its contacts. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)). To determine whether a nonresident defendant's contacts are sufficiently substantial or continuous and systematic, a court considers the "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's

regulatory or economic markets." Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006). For example, the court may consider "whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there." Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1478 (9th Cir. 1986).

    Plaintiffs concede that they have no evidence to support a finding of general jurisdiction. Pls.' Opp'n Mot. Dismiss 9. Instead, Plaintiffs request that the court hold a hearing or allow discovery so that they may determine whether Defendants are subject to general jurisdiction in Oregon. Mem. Opp'n Mot. Dismiss 9. It is within the court's discretion to allow discovery for determining whether it has personal jurisdiction. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) (citing H. L. Moore Drug Exch., Inc., v. Smith, Kline & French Lab., 384 F.2d 97, 97 (2d Cir. 1967)). Discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." Id. (citing Kilpatrick v. Texas & P. Ry. Co., 72 F. Supp. 635, 638 (S.D.N.Y. 1947)).

    General jurisdiction "requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc., 223 F.3d at 1086 (citing Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984)). Plaintiffs have made no showing to demonstrate general jurisdiction. It is undisputed that all the Defendants either reside in Washington or are incorporated there. I am not convinced that jurisdictional discovery would be fruitful. Plaintiff's request for jurisdictional discovery is denied.

    Defendants admit that one corporate defendant, Allpak Containers, Inc., made sales unrelated to the joint venture in Oregon in 2012. First Millage Decl. ¶ 10. However, sales alone

5 - OPINION & ORDER

are not sufficient to establish general personal jurisdiction over a nonresident defendant. See Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 418 ("[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). Furthermore, Plaintiffs must demonstrate that the Court has personal jurisdiction over each Defendant. See Calder v. Jones, 467 U.S. 783, 785–87 (1984) (analyzing general personal jurisdiction over each defendant separately). Plaintiffs have not done so. I find that there is no general jurisdiction over Defendants.

II.     Specific Jurisdiction

The Ninth Circuit uses a three-part test to determine whether a party has sufficient minimum contacts for specific jurisdiction. First, the nonresident defendant must have acted within or purposefully availed itself of the privileges of the forum. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010). Second, the claim must arise from or relate to defendant's forum-related activities. Id. Third, the exercise of jurisdiction must be reasonable. Id. Plaintiff bears the burden on the first two parts of the test. Boschetto, 539 F.3d at 1016. "If the plaintiff establishes both prongs one and two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). If plaintiff fails at the first step, "the jurisdictional inquiry ends and the case must be dismissed." Id.

The phrase "purposeful availment" is often used as shorthand to include both purposeful availment and purposeful direction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). However, "purposeful availment" is more often used in contract cases, and purposeful direction, in tort cases. Id. "A showing that a defendant purposefully availed himself

6 - OPINION & ORDER

of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Id. at 802; see, e.g., Pebble Beach Co., 453 F.3d at 1155–56 (finding no purposeful availment where plaintiff did not describe defendant's conduct in the forum).  Purposeful availment requires "some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Boschetto, 539 F.3d at 1016 (quoting Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990)).  Prior negotiations, contemplated future consequences, terms of the contract, and actual course of dealing within the forum state may establish purposeful availment. Burger King Corp., 471 U.S. at 479.

Plaintiffs essentially argue that Defendants purposefully availed themselves of the privileges of the forum because Defendants contracted with Oregon-based Plaintiffs.  "[T]he formation of a contract with a nonresident defendant is not, standing alone, sufficient to create [specific] jurisdiction." Boschetto, 539 F.3d at 1017 (citing Burger King Corp., 471 U.S. at 478).  Plaintiffs sought financial support from Defendants and traveled to Washington to meet with Defendants to propose the joint venture.[1]  Lamberton Decl. ¶ 8–9.  All negotiations took place in Washington.  First Millage Decl. ¶ 13.  Defendants' actions do not show that they intended to avail themselves of the privileges of Oregon.  They did not travel to Oregon to conduct business, did not incorporate the new business in Oregon, did not manufacture the containers in Oregon, and did not participate in any marketing or selling of containers in Oregon.

Plaintiffs also argue there is purposeful availment because both parties agreed the joint venture would operate out of Oregon.  Plaintiffs opened a post office box in Oregon to use as the

---

[1] The joint venture is referred to as "Specialty Packaging Resources," "Specialty Resources," "SPR," and "PSR," throughout Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss.

7 - OPINION & ORDER

business address for the joint venture, upon Defendants' suggestion.  Second Millage Decl. ¶ 4.  This action alone does not show purposeful availment.  It is not comparable to soliciting business in the state, Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986), conducting contract negotiations in the state, Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1287–88 (9th Cir. 1977), or making the forum state's law the governing law under the contract, Gates Learjet Corp., 743 F.2d at 1331.

More importantly, the joint venture's operation within Oregon was solely conducted by Plaintiffs.  "By agreement of the participants, [Plaintiffs] were to be the decision makers on the project and handling all facets of the ventures [sic] business affairs and serve, essentially, as the general managers of the business." Lamberton Decl. ¶ 13.  "Working out of Oregon, [Plaintiffs] developed and pursued sales leads, received and forwarded samples to clients, made sales of SPR product, exchanged information and ideas with the Defendants . . . in furtherance of the joint venture." Lamberton Decl. ¶ 27.  A defendant's contacts must be attributable to his own actions, and not the plaintiff's.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980).  I find that Defendants have not purposefully availed themselves of the privileges of Oregon.

Because Plaintiffs have failed to establish the first prong of the specific jurisdiction test, I need not reach the second or third prongs.  This court does not have specific jurisdiction over the Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

...

## CONCLUSION

Based on the reasons above, this court has no personal jurisdiction over the Defendants. Defendants' motion to dismiss (#38) is GRANTED.

IT IS SO ORDERED.

Dated this \_\_10\_\_ day of October, 2013.

MARCO HERNANDEZ
United States District Judge